# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:26-cv-674

AXCESS GLOBAL SCIENCES LLC,

    Plaintiff,

v.

OYANXI, INC., a Colorado corporation, dba TOTARIA

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Axcess Global Sciences LLC ("AGS" or "Plaintiff") for its complaint against Oyanxi, Inc., dba Totaria ("Defendant" or "Oyanxi") for Patent Infringement, alleges as follows:

### PARTIES

1. AGS is a Utah limited liability company with a registered place of business at 60 E. South Temple St., Suite 1000, Salt Lake City, UT 84111.

2. On information and belief, Defendant Oyanxi is a Colorado corporation with a principal place of business at 116 16th St, Denver, CO 80202, and a registered agent at 116 16th St, Denver, CO 80202.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq.

4. This Court has personal jurisdiction over Defendant, and venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant resides in the District of Colorado and

has committed a substantial portion of the infringements giving rise to this action from the District of Colorado.

## BACKGROUND

5. Plaintiff is a leader and innovator in the field of exogenous ketones and ketogenic precursor supplement products. These products aid the body in producing and sustaining elevated levels of ketone bodies in the blood and assist in the body's transition into nutritional ketosis.

6. Plaintiff has patent rights in many unique formulations of BHB, including U.S. Pat. No. 10,292,952 (the "'952 Patent) (the "Asserted Patent"). The invention of '952 Patent relates to mixed BHB compounds in supplement products, including capsules and powders. A copy of the '952 Patent is attached as Exhibit A.

7. The Defendant has made, used, offered for sale, and sold a supplement product called Keto ACV Gummies (the "accused Product") through its own website, Amazon.com, and other third-party retailers, using a formula for those products which infringes Plaintiff's rights in the Asserted Patent (the "Accused Products"). *See* Exhibit B. The Accused Product is depicted below:



https://www.totaria.com/products/keto-acv-gummies (Exhibit B)

8. The Defendant provides the following supplement facts in connection with the Accused Product shown above:



https://www.totaria.com/products/keto-acv-gummies (Exhibit B)

9. Plaintiff has suffered harm from Defendant's infringement in the form of lost profits and diverted sales and market share. Plaintiff's immediate, irreparable injuries have no

3

adequate remedy at law, and Plaintiff is entitled to injunctive relief and up to three times its actual damages, as well as costs and reasonable attorneys' fees.

10. On information and belief, Defendant sells and/or has sold the Accused Products through its own website (www.totaria.com) and through third-party retailers such as Amazon, Walmart, eBay, and others.

11. Plaintiff and its licensed BHB products are well-known in the health and wellness industry, particularly among BHB-supplement retailers, and set the standard for quality and effectiveness in the industry. Plaintiff's licensed BHB products are found through online marketplaces and brick-and-mortar stores around the country, including Amazon, Walmart, Target, Walgreens, and more. Plaintiff has sought to protect its rights in the Asserted Patent, including by engaging in enforcement actions against other retailers, including on Amazon.com, eBay.com, and others.

12. Plaintiff and its affiliates and licensees directly compete with Defendant in the market for BHB supplements. Plaintiff has suffered harm from Defendant's infringements in the form of lost profits and diverted sales and market share.

**COUNT I – INFRINGMENT OF U.S. PATENT NO. 10,292,952**

13. Plaintiff incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

14. On May 21, 2019, the '952 Patent, titled "Mixed Salt Compositions for Maintaining or Restoring Electrolyte Balance while Producing Elevated and Sustained Ketosis" was duly and legally issued. A true and correct copy of the '952 Patent is attached as Exhibit A.

15. Plaintiff owns all rights in the '952 Patent.

16.     Plaintiff provided actual notice to Defendant of its infringement of the '952 Patent prior to the filing of this lawsuit. *See* Exhibit C.

17.     As a non-limiting example, set forth below is an exemplary infringement claim analysis for claim 19 of the '952 Patent in connection with the Accused Product.  This claim analysis is based on publicly available information, and Plaintiff reserves the right to modify this analysis, including, for example, on the basis of information about the Accused Product that Plaintiff obtains in discovery.

18.     Representative claim 19 of the '952 Patent is reproduced below:

> 19. A composition for maintaining or restoring electrolyte balance while promoting or sustaining ketosis in a mammal, the composition comprising:
>
> a beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt, the cations being formulated so as to provide a biologically balanced set of cationic electrolytes upon administration to a mammal,
>
> the beta-hydroxybutyrate mixed salt comprising at least three salts selected from the group consisting of:
> 10-70% by weight of sodium beta-hydroxybutyrate;
> 10-70% by weight of potassium beta-hydroxybutyrate;
> 10-70% by weight of calcium beta-hydroxybutyrate; and
> 10-70% by weight of magnesium beta-hydroxybutyrate,
>
> wherein the beta-hydroxybutyrate mixed salt is in solid and/or powder form.

19.     As Advertised in Defendant's product labels and listings, the Accused Product infringes at least representative claim 19 of the '952 Patent in the manner described below.

20.     To the extent the preamble of claim 19 of the '952 Patent is limiting, Accused Products meet the preamble of claim 19 as set forth below:

> 19. **A composition for maintaining or restoring electrolyte balance while promoting or sustaining ketosis in a mammal, the composition comprising**:

5

a beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt, the cations being formulated so as to provide a biologically balanced set of cationic electrolytes upon administration to a mammal,

the beta-hydroxybutyrate mixed salt comprising at least three salts selected from the group consisting of:
10-70% by weight of sodium beta-hydroxybutyrate;
10-70% by weight of potassium beta-hydroxybutyrate;
10-70% by weight of calcium beta-hydroxybutyrate; and
10-70% by weight of magnesium beta-hydroxybutyrate,

wherein the beta-hydroxybutyrate mixed salt is in solid and/or powder form.



https://www.walmart.com/ip/Totaria-Keto-ACV-Gummies-2000mg-Apple-Cider-Vinegar-Gummies-Sugar-Free-with-Probiotics-B12-Keto-Supplements-for-Women-Men-60-Count/15219300330

21.     The Accused Products further meet the limitations of claim 19 of the '952 Patent as set forth below:

19. A composition for maintaining or restoring electrolyte balance while promoting or

6

sustaining ketosis in a mammal, the composition comprising:

**a beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt, the cations being formulated so as to provide a biologically balanced set of cationic electrolytes upon administration to a mammal,**

the beta-hydroxybutyrate mixed salt comprising at least three salts selected from the group consisting of:
10-70% by weight of sodium beta-hydroxybutyrate;
10-70% by weight of potassium beta-hydroxybutyrate;
10-70% by weight of calcium beta-hydroxybutyrate; and
10-70% by weight of magnesium beta-hydroxybutyrate,

wherein the beta-hydroxybutyrate mixed salt is in solid and/or powder form.



https://www.totaria.com/products/keto-acv-gummies

22. The Accused Products further meet the limitations of claim 1 of the '952 Patent as set forth below:

19. A composition for maintaining or restoring electrolyte balance while promoting or sustaining ketosis in a mammal, the composition comprising:

7

a beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt, the cations being formulated so as to provide a biologically balanced set of cationic electrolytes upon administration to a mammal,

**the beta-hydroxybutyrate mixed salt comprising at least three salts selected from the group consisting of:**
**10-70% by weight of sodium beta-hydroxybutyrate**;
10-70% by weight of potassium beta-hydroxybutyrate;
**10-70% by weight of calcium beta-hydroxybutyrate; and**
**10-70% by weight of magnesium beta-hydroxybutyrate,**

wherein the beta-hydroxybutyrate mixed salt is in solid and/or powder form.



https://www.totaria.com/products/keto-acv-gummies

23. The Accused Products further meet the limitations of claim 1 of the '952 Patent as set forth below:

19. A composition for maintaining or restoring electrolyte balance while promoting or sustaining ketosis in a mammal, the composition comprising:

a beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt,

8

> the cations being formulated so as to provide a biologically balanced set of cationic electrolytes upon administration to a mammal,
>
> the beta-hydroxybutyrate mixed salt comprising at least three salts selected from the group consisting of:
> 10-70% by weight of sodium beta-hydroxybutyrate;
> 10-70% by weight of potassium beta-hydroxybutyrate;
> 10-70% by weight of calcium beta-hydroxybutyrate; and
> 10-70% by weight of magnesium beta-hydroxybutyrate,
>
> **wherein the beta-hydroxybutyrate mixed salt is in solid and/or powder form**.



*The Accused Product is sold in a solid gummy form.*

https://www.totaria.com/products/keto-acv-gummies

24. Defendant has directly infringed claim 19 of the '952 Patent in the United States by making, using, offering for sale, selling, and/or importing the Accused Product in violation of 35 U.S.C. § 271(a). As such, Defendant is liable for direct infringement of the '952 Patent.

25. Additionally, Defendant has and continues to indirectly infringe the '952 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b) by actively

9

inducing others—including its own customers—to directly infringe the asserted claims of the '952 Patent.

26.     Defendant's infringement of the '952 Patent is willful, and this case is exceptional.

27.     Plaintiff has suffered harm as a result of Defendant's infringement of the '952 Patent, including in the form of lost profits and diverted sales and market share.  Plaintiff is therefore entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount that is to be proven at trial.

28.     Plaintiff has provided the Defendant with actual notice of its infringement of the '952 Patent.

29.     Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '952 Patent, including, without limitation, lost profits but in no event less than a reasonable royalty.

30.     Defendant's infringement of the '952 Patent was and continues to be willful and deliberate, entitling Plaintiff to enhanced damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that the Court enter judgment in its favor and award the following relief against the Defendant:

A.     A judgment that Defendant has infringed the Asserted Patent literally and/or under the doctrine of equivalents;

B.     An award of damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial, including increased damages up to three times the amount found or assessed;

C. A judgment that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees in this litigation;

D. An award of costs;

E. An award of pre-judgment and post-judgment interest on Plaintiff's damages;

F. Entry of an injunction against further infringement of the Asserted Patent; and

G. Any such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable to a jury.

DATED: February 19, 2026

WORKMAN NYDEGGER

s/ Brian N. Platt
Brian N. Platt (Admitted 11/7/2019)
bplatt@wnlaw.com
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
(801) 533-9800